CASE 39—PETITION EQUITY—FEBRUARY 11.

## Proctor and wife vs. Duncan, &c.

APPEAL FROM WARREN EQUITY AND CRIMINAL COURT.

1. See the opinion for a statement of the provisions and construction of a will and codicil.

2. A codicil should be so construed, if it can be consistently done, as to make it harmonize with the purposes declared in the body of the will.

G. C. ROGERS for appellants.

W. L. UNDERWOOD for appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The only question in this case involves the interpretation of the will of Edmund Duncan, first published in the year 1854, and modified by a codicil in 1857.

The testator had been twice married, and left children by each wife, the second of whom, together with the children, survived him. Contemplating their continued co-residence as one family, just as if he had not died, he made the following provision in the body of his will as first published: " I desire that my wife, Sarah P. Duncan, remain in possession of and upon my farm during her widowhood, and that she keep with her all of my unmarried children until they become of age or marry, and that such of them as are of age, or become of age and not married, shall all be allowed to remain as members of the family and free of charge; and for the purpose of the better enabling my said wife to keep together my said family, educate my younger children, and the comfortable support of herself and family, I allow my said wife, with my executors, to have the use and benefit of all my estate, both real and personal, to use, buy, and sell, with the exception of the land (the land they shall not sell), and manage as they may think proper." By another provision he gave to his wife some young negroes and personalty, in the event of her marriage, and directed his executors, after satisfying that contingent bequest, to manage the residue of his estate as they might think best

for his children, until the youngest should attain majority or marry, and then to sell the land and other estate, or otherwise dispose of it so as to effectuate " an equitable " distribution of the proceeds among *all* his children.

By the codicil he devised the land to the children of his first wife, through whom he had acquired it, and added : " I then wish the balance of my estate to be disposed of as in this foregoing will."

The appellants, Phineas H. Proctor and his wife, Virginia, who was a child of the first marriage, claiming for all the children of that marriage the right to the immediate possession of the land on which the widow and other children were living under the will, brought this suit against them for recovering possession. On an issue as to. the respective rights of the parties, the circuit court dismissed the petition, being of the opinion that the widow and unmarried children have a right to retain the possession during her widowhood, or, in any event, until the youngest child shall marry. And this court, concurring in that opinion, approves that judgment.

The testator's leading purpose was the co-habitancy of his widow and unmarried children, as one family, on his homestead land; and, to secure that end, and provide for comfortable maintenance and proper education, he dedicated his whole estate to their use and enjoyment. And looking to the contingency of his wife's marriage or death, when, the family being dispersed, a division of the estate among his children would become necessary and proper, he directed that *then* the land should be sold and the proceeds of the entire estate equally distributed among *all his children,* without discrimination between those of the first and those of the second marriage. If the codicil can, consistently, be so construed as to harmonize with this all-pervading purpose, and these provident and *necessary* arrangements for the certain effectuation of it, the whole will may be harmonized, and all its provisions may have their full effect according to the spirit and context. And this seems to this court to be no difficult task.

We are not allowed to presume that the testator intended to change or frustrate the entire purpose so tenderly manifested

Proctor and wife vs. Duncan, &c.

towards his widow and unmarried children in the body of his will, and which was its staple and very soul. But this he has certainly done, if he intended by the codicil that the children of his first wife should take the homestead immediately after his death, and then have a right to turn his widow and infant children out of doors without a home, or any other provision for their comfort or maintenance. Had he so intended, he would surely have been more specific in expressing that intent, and would also have made some other substituted provision for them. The alternative devise, in the event of his widow's marriage, makes adequate provision for her on such marriage, and, with that exception, continues the rightful use of the land and of all other property not thus contingently bequeathed to her by the children under the curation of the executors, until the youngest child should marry or attain majority. But, as long as she shall choose to remain unmarried, if, in the meantime, the codicil shall take from her the land, as subservient to which as the home of herself and children as one family they might use all of the estate, then, not only would the purpose of that entire provision be defeated, but they all might be left destitute during her celibacy, without any legatory provision made for them by the testator. Such an unnatural and suicidal effect would alone be sufficient to prove conclusively that the codicil was not so understood or intended by him.

An essentially different purpose in the codicil is perfectly consistent with the body of the will as unchanged by it, except as to the ultimate disposition of the land. The will, as first published, directed a sale of the land at the final division of his estate, and an equal distribution of the proceeds among *all* his children ; and, the testator afterwards changing his mind as to the ultimate destination of the land, and as to that only, determined to give it specifically and exclusively to the children of his first wife, because their mother added it to his estate; and in thus giving it, he says: "The balance of my estate to be disposed of as directed in the foregoing will," that is, when, according to the body of the will, the estate was to be distributed, all of it, except the land, should be disposed of

according to the provisions thereof; but that *then* the land, instead of being sold, and the proceeds distributed among all the children, should go in kind to the children only of the first wife. This, as we think, is the palpable and only consistent construction of the codicil; and, according to this interpretation, every provision in the whole will will be consistent, and may be effectuated. There is no conflict between the codicil and the general provision for the widow and children—the latter being a particular and limited interest in the whole estate, and the former a remainder in fee in the land only.

The devisees in fee have, therefore, no right to the possession of the land until after the expiration of the particular estate.

Wherefore, the judgment is affirmed.